# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS T. DIXON, #B66674, )<br>)<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>JOHN BALDWIN, )<br>JACQUELINE LASHBROOK, )<br>JOSE DELGADO, )<br>LT. ROBINSON, )<br>C/O RUCKER, )<br>C/O KORTE, )<br>LT. STOCK, )<br>JOHN DOE #1, )<br>JOHN DOE #2, )<br>JOHN DOE #3, )<br>and AMY LANG, )<br>)<br>      Defendants. ) | Case No. 19-cv-00825-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Marcus Dixon, an inmate in the custody of the Illinois Department of Corrections ("IDOC") and currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations that occurred at Menard and Centralia Correctional Center ("Centralia"). He claims violations related to two separate incidents: (1) the unlawful use of force by Centralia officials in 2017 and subsequent retaliatory criminal charges brought against him in Clinton County, Illinois in 2017 and 2018; and (2) a retaliatory disciplinary ticket issued by a nurse at Menard in 2019. (*Id*. at pp. 10-12). Plaintiff seeks declaratory judgment, money damages, and injunctive relief. (*Id*. at p. 13).

This case is before the Court for preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to

1

filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiff makes the following allegations in the Complaint: On September 27, 2017, Plaintiff was beaten badly by Centralia Officers Delgado, Stock, Robinson, Rucker, Korte, John Doe #2, and John Doe #3. (Doc. 1, pp. 10-11). As they beat him, the officers used racial slurs and called him names. (*Id.*). When Plaintiff filed a grievance to complain about the incident, Delgado issued him a false disciplinary ticket. (*Id.*). Following his transfer to Menard, Plaintiff was found guilty and punished with a year in segregation, among other things. (*Id.*).

On December 28, 2017, an unknown internal officer at Centralia (John Doe #1) retaliated against Plaintiff for filing the grievance by pursuing criminal charges against him in Clinton County, Illinois. (*Id.* at p. 11). Plaintiff was charged with aggravated battery of Delgado in connection with the September 2017 incident. (*Id.* at p. 21). He was found not guilty on September 4, 2018 following a jury trial. (*Id.* at p. 11).

On June 13, 2019, Nurse Amy Lang wrote a false disciplinary ticket against Plaintiff for insolence and intimidation. (*Id.* at p. 12). He was taken to segregation at Menard but released a "few" days later. (*Id.*). Nurse Lang issued the ticket in retaliation for the grievances and lawsuits he filed against staff. (*Id.*).

Based on the allegations in the Complaint, the Court finds it convenient to organize the *pro se* action into the following Counts:

**Count 1:** Eighth Amendment claim against Defendants Delgado, Stock, Robinson, Rucker, Korte, John Doe #2, and John Doe #3 for using excessive force and/or failing to intervene in its use against Plaintiff at Centralia on September 27, 2017.

**Count 2:** Fourteenth Amendment equal protection claim against Defendants Delgado, Stock, Robinson, Rucker, Korte, John Doe #2, and John Doe #3 for singling Plaintiff out for an assault because of his race on September 27, 2019.

**Count 3:** First Amendment retaliation claim against Defendants Delgado and John Doe #1 for issuing Plaintiff a false disciplinary ticket and filing charges in response to his filing grievances.

**Count 4:** Fourteenth Amendment claim against Defendant Delgado for depriving Plaintiff of a protected liberty interest without due process of law by issuing him a false disciplinary ticket at Centralia on September 27, 2017.

**Count 5:** First Amendment claim against Defendant Amy Lang for issuing Plaintiff a false disciplinary ticket at Menard on June 13, 2019, in retaliation for filing grievances and lawsuits against prison staff.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Preliminary Dismissals

Plaintiff lists John Baldwin and Jacqueline Lashbrook as defendants in the case caption but fails to mention them in the statement of his claim. Merely invoking the name of a potential defendant in the caption is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, both defendants will be dismissed from this case without prejudice.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Severance

As an initial matter, the Court has determined that Plaintiff's claims are improperly joined in a single action. See, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The claims fall into two distinct groups: (1) **COUNTS 1, 2, 3** and **4** arising from the alleged unlawful use of force against Plaintiff at Centralia on September 27, 2017, and the fallout from Plaintiff's grievances about the incident; and (2) **COUNT 5** arising from the alleged false disciplinary ticket issued against Plaintiff at Menard on June 13, 2019. These claims involve different defendants, separate transactions or occurrences, no common questions of fact, and different legal theories. Therefore, the Court will exercise its discretion and sever Count 5 against Nurse Amy Lang into an additional lawsuit with a newly-assigned case number. *See* FED. R. CIV. P. 18, 20, and 21. *See also Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d at 607. Count 5 will be screened pursuant to § 1915A in the newly-severed case. As a result, the only claims remaining in this case are Counts 1, 2, 3 and 4.

## Discussion

### Count 1

Prison officials who use force against an inmate that is malicious or sadistic, rather employed in a "good-faith effort to maintain or restore discipline," violate the Eighth Amendment. *Wilkins v. Gaddy*, 559 U.S. 34 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Similarly, officials who knowingly or intentionally fail to protect an inmate from a substantial risk of serious harm posed by other prisoners or prison guards violate the Eighth Amendment. *Farmer*, 511 U.S. at 833-35. Plaintiff's allegations suggest that Delgado, Stock, Robinson, Rucker, Korte, John Doe #2, and John Doe #3 used excessive force against him and/or or failed to intervene to

protect him from excessive force on September 27, 2017. Accordingly, Count 1 will proceed against these Defendants.

**Count 2**

A claim of discrimination under the Fourteenth Amendment's Equal Protection Clause requires a plaintiff to show that he "is a member of a protected class," that he "is otherwise similarly situated to members of the unprotected class," and that he "was treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (quoting *McNabola v. Chicago Transit Auth.*, 10 F.3d 501 (7th Cir. 1993) (citing *McMillian v. Svetanoff*, 878 F.2d 186, 189 (7th Cir. 1989)). Plaintiff's allegations suggest that he was singled out for mistreatment because of his race. Count 2 will therefore proceed against the same Defendants who are named in connection with Count 1 (Delgado, Stock, Robinson, Rucker, Korte, John Doe #2, and John Doe #3).

**Count 3**

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). Delgado allegedly issued Plaintiff a false disciplinary ticket in response to the grievance he filed to report the misconduct of the defendants on September 27, 2017. Similarly, John Doe #1 filed criminal charges, allegedly in retaliation for Plaintiff filing a grievance over that incident. Given these allegations, Count 3 will receive further review against Delgado and John Doe #1.

**Count 4**

The Fourteenth Amendment Due Process Clause guards against deprivations of life, liberty, and property without due process of law. A falsely-issued disciplinary ticket does not, standing alone, violate the Fourteenth Amendment if the inmate receives procedural due process

in the disposition of the ticket. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). Plaintiff does not allege the disciplinary hearing he received for the ticket issued by Delgado was procedurally deficient in any way. Accordingly, Count 4 will be dismissed without prejudice.

**Identification of Unknown Defendants**

Plaintiff will be allowed to proceed against John Does 1, 2 and 3. However, these defendants must be identified before service of the Complaint can be made on them. Plaintiff will have the opportunity to engage in limited discovery to ascertain their identity. *Rodriguez*, 577 F.3d at 832. The Warden of Centralia Correctional Center (Acting Warden Jon Fatheree) will be added as a defendant, in his official capacity only, in order to respond to discovery aimed at identifying these unknown defendants. Guidelines for discovery will be set by the Scheduling Order. Once the names of John Does 1, 2 and 3 are discovered, Plaintiff shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

**Request for Injunctive Relief**

Plaintiff seeks injunctive relief in the form of a preliminary and permanent injunction prohibiting Defendants Stock, Delgado, Robinson and John Doe #1 from using physical violence and threats against him.[2] (Doc. 1, p. 13). However, Plaintiff is no longer confined in the same facility where these defendants are employed. He is currently housed at Menard and these defendants work at Centralia. He claims no anticipated return to Centralia and no present or anticipated interactions with Defendants Stock, Delgado, or Robinson. For these reasons, Plaintiff's request for a preliminary injunction is **DENIED without prejudice**. Plaintiff may

---

[2] Plaintiff also seeks injunctive relief against Defendant Lang. She is no longer part of this action. Plaintiff may pursue his request for injunctive relief against her in the severed case.

renew his request if it becomes necessary at any time during the pendency of this case, by filing a separate motion for a preliminary injunction under Federal Rule of Civil Procedure 65.

Based on Plaintiff's request for permanent injunctive relief, the Warden of Centralia Correctional Center (Jon Fatheree) will be added as a defendant, in his official capacity only, for purposes of carrying out any injunctive relief that is ordered in this case.

## Disposition

**IT IS ORDERED** that **COUNT 5** against **AMY LANG** is **SEVERED** into a new case, which shall be captioned: **MARCUS T. DIXON, Plaintiff vs. AMY LANG, Defendant**.

In each newly-severed case, the Clerk is **DIRECTED** to file the following documents:

1) The Complaint (Doc. 1);
2) Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docs. 2 and 5); and
3) This Memorandum and Order Severing Case.

**IT IS ORDERED** that all claims against **JOHN BALDWIN** and **JACQUELINE LASHBROOK** are **DIMISSED** without prejudice from this action because the Complaint fails to state a claim against them.

The Clerk of Court is **DIRECTED** to **TERMINATE** Defendants **JOHN BALDWIN, JACQUELINE LASHBROOK, JOHN DOE #1,** and **AMY LANG** as parties in CM/ECF.

The **only claims remaining in this action** are **COUNTS 1, 2, 3,** and **4** against Defendants **DELGADO, ROBINSON, RUCKER, KORTE, STOCK, JOHN DOE #2,** and **JOHN DOE #3.** The Clerk of Court is **DIRECTED** to caption this case: **MARCUS T. DIXON, Plaintiff vs. JOSE DELGADO, LT. ROBINSON, C/O RUCKER, C/O KORTE, LT. STOCK, C/O JOHN DOE #2,** and **C/O JOHN DOE #3, Defendants.**

**IT IS ORDERED** that the Complaint (Doc. 1) survives preliminary review pursuant to 28 U.S.C. § 1915A, as follows:

- **COUNTS 1** and **2** will proceed against Defendants **DELGADO, ROBINSON, RUCKER, KORTE, STOCK, DOE #2,** and **DOE #3**;

- **COUNT 3** will proceed against Defendant **DELGADO and DOE #1**; and

- **COUNT 4** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to **ADD** the **WARDEN OF CENTRALIA CORRECTIONAL CENTER** (Acting Warden Jon Fatheree) (official capacity only) as a defendant in CM/ECF. This defendant is responsible for responding to discovery aimed at identifying the three unknown defendants (John Doe #1, #2 and #3) and for implementing any injunctive relief that is ordered herein. Because the Warden of Centralia Correctional Center is in the case solely for discovery purposes and for implementing any injunctive relief that is ordered, he need not respond to the Complaint. The Warden only needs to enter his appearance. He will receive further instruction on discovery at a later date.

The Clerk of Court is **DIRECTED** to prepare for Defendants **WARDEN OF CENTRALIA CORRECTIONAL CENTER (Acting Warden Jon Fatheree), DELGADO, ROBINSON, RUCKER, KORTE, STOCK, and JOHN DOE #1-3** (once identified): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk shall mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect

formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendants **JOHN DOES #1-3** until Plaintiff has identified them by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 7, 2020**

/s/ Staci M. Yandle
**STACI M. YANDLE**
**U.S. District Judge**

# NOTICE

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.